UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Viking Cloud, Inc.,

    Plaintiff,

v.                                          Case No. 22-10721

Chad Leedy, *et al.*,               Sean F. Cox
                                                United States District Court Judge

    Defendants.
_____/

## ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE-LAW CLAIMS

On April 4, 2022, Plaintiff Viking Cloud, Inc. ("Plaintiff") filed this action against the following two Defendants: 1) Chad Leddy ("Leddy"); and 2) Interface Security Systems, LLC ("Interface"). The action was originally assigned to the Honorable Stephanie Dawkins Davis. On June 16, 2022, however, the case was reassigned to the undersigned judge.

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). Because subject matter jurisdiction may be challenged at any time, even on appeal after the district court case has concluded, the Sixth Circuit has stressed that it expects parties to be meticulous as to jurisdictional allegations. *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019).

Plaintiff's complaint asserts that this Court has diversity jurisdiction. (*See* Compl. at ¶ 4). But the Court concludes otherwise. Under 28 U.S.C. §1332(a), the two requirements for

1

diversity jurisdiction are: 1) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and 2) that *complete diversity of citizenship* exists between the disputing parties (ie, that no party can share citizenship with any opposing party). *See, eg., Safeco Ins. Co. of Am. v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994).

Here, the complaint alleges that Plaintiff is a Delaware corporation with its principal place of business in Michigan. Thus, Plaintiff is considered to be a citizen of both Delaware and Michigan. The Complaint alleges that Interface is a limited liability company. For purposes of diversity jurisdiction, a limited liability has the citizenship of its members. *Homfeld II, LLC v. Comtair Holdings, Inc.*, 53 F. App'x 731 (6th Cir. 2002); *see also Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003 (6th Cir. 2009). Plaintiff alleges that Interface's "sole member is Interface Security Systems Holdings, Inc., a Delaware corporation whose principal place of business is in Earth City, Missouri." (Compl. at ¶ 4). In its Answer, Interface denies that Interface Security Systems Holdings, Inc. is its "sole" member. (Interface's Ans. at 2). But it does not dispute that entity is a Delaware corporation. Accordingly, complete diversity does not exist because Plaintiff and Interface are both Delaware citizens.

The Court then looks to the claims, as Plaintiff also asserts that this Court has federal-question jurisdiction. The Complaint alleges: 1) three state-law breach of contract claims (Counts I, II, and III); 2) a state-law tortious interference claim (Count IV); 3) a state-law trade secrets count under Michigan's Uniform Trade Secrets Act (Count VI); and 4) a federal claim under the "Defend Trade Secrets Act, 18 U.S.C. § 1331 *et seq*. (Count V); and a state-law "Civil Conspiracy" claim (Count VII). Thus, Plaintiff's complaint asserts six state-law claims and just one federal claim – Count V.

As such, the Court considers whether it should exercise supplemental jurisdiction over Plaintiff's six state-law claims. The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides that district courts may decline to exercise supplemental jurisdiction over a claim when: 1) the claim raises a novel or complex issue of state law; 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;  3) the district court has dismissed all claims over which it has original jurisdiction, or 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). A district court's decision as to whether to exercise supplemental jurisdiction over a plaintiff's state-law claims is reviewed for abuse of discretion. *Soliday v. Miami Cnty.*, Ohio, 55 F.3d 1158, 1164 (6th Cir. 1995).

This Court concludes that Plaintiff's state-law claims would predominate over the one federal claim asserted in this action. In addition, the Court finds that the potential for jury confusion in this case would be great if Plaintiff's federal claim were presented to a jury along with Plaintiff's numerous state-law claims. Thus, the potential for jury confusion is yet another reason for this Court to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.

Accordingly, the Court **DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION** over any state-law claims in this action. As such, the Court **DISMISSES WITHOUT PREJUDICE Counts I, II, III, IV, VI, and VII.**

**IT IS SO ORDERED.**

                                                      s/Sean F. Cox  
                                                      Sean F. Cox  
                                                      United States District Judge

Dated:  June 29, 2022